FILED

APR 08 2024

PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY_____ DEP CLK

LARRY BLAKNEY #34750171
PLAINTIFF

V.S

UNITED STATES of AMERICA
DEFENDANT

CASE NO. 5:24-CT-3082-BO

COMPLAINT UNDER FEDERAL TORT CLAIM ACT- MEDICAL NEGLECT AND CHALLENGED PRISON CONDITION & IMMINENT DANGER

1.) PLAINTIFF BRINGS THIS ACTION AGAINST, THE UNITED STATES of AMERICA PURSUANT TO THE FEDERAL TORT CLAIMS ACT, SO THAT THIS COURT HAS JURISDICTION OF THE SUBJECT MATTER OF THIS ACTION PURSUANT 28 U.S.C §1346(b)

2.) THE COURT ALSO HAS JURISDICTION OF THIS ACTION UNDER 28 U.S.C § 1331, 1343 (A)(3)(4) VIOLATION OF THE EIGTH, FOURTEENTH AND FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION. SEE. WEST V. ATKINS 487 U.S. 42, 48, 108, 5. Ct 2250, 101 L.Ed. 2d. 40 (1988)

3.) THE COURT ALSO HAS JURISDICTION TO EXERCISE UNDER SUPPLEMENTAL JURISDICTION OVER THE PLAINTIFF STATE LAW CLAIMS THAT ARISES FROM THE SAME FACTS AND CIRCUMSTANCES UNDER 28 U.S.C §1367 SEE, CROSBY V. CITY of GASTONIA 635 F. 3d 653, 639 (4TH CIR. 2011)

4.) THIS ACTION IS BEING BROUGHT BY PLAINTIFF LARRY BLAKNEY WHO UNDER THE COLOR of LAW AS AS of NOW BEING SUBJECTED TO INADEQUATE MEDICAL CARE AND MEDICAL NEGLECTION N.C. GEN. STAT. §90-21. 11 SEE. KEITH V. NORTHERN HOSP. DIST. 129 N.C. APP. 402, 499 S.E. 2d. 200, 202 (N.C. APP. 1998) NORTON V. SCOTLAND MEM'l HOSP., INC 250 N.C. APP 392, 398-99, 793 S.E 2d 703, 708-09 (2016) NICHOLS V. UNITED STATES CASE NO. 5:09-CV-116-BO, 2010 U.S. DIST. LEXIS 155342, 2010 WL1632662 AT*4 E.D.N.C MAL 12,2010

Case 5:24-ct-03082-D-RJ   Document 1   Filed 04/08/24   Page 1 of 7

5.) Plaintiff address is Federal Medical Center of N.C 1000 Old Highway N.C 75 Butner N.C 27509 The Defendants mention in this acting within the scope of their employment as defendants, the United States of America address and location is Federal Medical Center of Butner N.C 1000 Old Highway N.C 75 Butner N.C 27509

6.) The plaintiff has complied with all prerequisites to a suit under the Federal Tort Claims Act in that:

A) On 1-12-2024 (Date) the plaintiff filed an B8 B9, informal complaint with the appropiate officials of the unit team as well as the complex warden T. Scarantino, afterward the plaintiff exhausted all other available remedies on a B-10 as well as a B-11 form to the Regional Director and the General Counselor all of which is included as an exhibit to the administrative claim for the matters in dispute in this action for the medical experts acting within the scope of their employment as well as the servants and agents of the F.M.C of Butner N.C to refrain from violating his liberty intrest of due process to say no to unwanted anti-psychotic drugs. And the) forcible involuntary use of anti-psychotic medications, see, Washington v. Harper, 494 U.S. 210, 221, 110 S.Ct. 1028, 108 L.Ed. 2d 178 (1990) which may be overcome by an essential "or" overriding state interest. Id. at 179 (quoting Riggins v. Nevada 504 U.S. 127, 134, 135, 112 S.Ct. 1810, 118 L.Ed. 2d 479 (1992) do to the fact that forced drugging against the will and the mind of the subject and constitutes a deprivation of liberty in the most litern and fundamental sense, see, United States v. Bush, 585 F.3d. 806, 813 (4th Cir. 2009); United States v. Evans, 404 F.3d 227, 235 (4th Cir. 2005)

## ACTS OF NEGLIGENCE AND OMISSIONS

B.) THE DEFENDANT, BY AND THROUGH ITS AGENCY, THE APPEAL OF INVOLUNTARY MEDICATION HEARING DECISION BY THE COMPLEX WARDEN T. SCARANTINO, AS WELL AS THE ADMINISTRATIVE GRIEVANCE CLAIM WAS DENIED ON 11-29-23, A COPY OF WHICH IS ATTACHED TO THIS COMPLAINT AS EXHIBIT—1

C.) THIS ACTION WAS TIMELY COMMENCED FOLLOWING THE DENIAL OF THE ADMINISTRATIVE CLAIM.

3.) PLAINTIFF ALSO BRINGS THIS ACTION AGAINST DEFENDANT, C. CLOUTIER, M.D., L. SHELAS, PSY. D, AND L. GRADY, M.D PHYSICIANS ACTING AS THE AGENTS, SERVANTS AND EMPLOYEES OF DEFENDANT, THE UNITED STATES OF AMERICA, AS WELL AS THE COMPLEX WARDEN T. SCARANTINO OF THE F.M.C OF BUTNER N.C IN THE COURSE OF THIER EMPLOYMENT WHO ALONG WITH OTHER AGENTS, SERVANTS, AND EMPLOYEES OF DEFENDANT THE UNITED STATES OF AMERICA, BUT UNKNOWN TO PLAINTIFF COMMITTED THE ACTS OF NEGLIGENCE THAT ARE SET FORTH MORE FULLY BELOW:

4.) AS A RESULT OF THE FAULT OF THE DEFENDANTS, BY AND THROUGH THIER AGENTS, SERVANTS AND EMPLOYEES, ACTING WITHIN THE SCOPE OF THIER EMPLOYMENT, PLAINTIFF SUFFERED INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AS WELL AS SEVERE SIDE EFFECTS FROM THE UNNEEDED INVOLUNTARY ANTI-PSYCHOTIC DRUGS THAT PLAINTIFF WAS FORCE TO TAKE DO TO A "HARPER" HEARING CONDUCTED BY THE DEFENDANTS SEE. WASHINGTON V. HARPER, 494 U.S. 210, 110. S. CT. 1028, 108 L. Ed. 2d. 178 (1990)(HARPER HEARING IS A HEARING THAT FORCE A PATIENT TO TAKE MEDICATION DO TO DANGEROUSNESS ARE BEHAVIOR PROBLEMS IN DEPRIVATION OF THIER LIBERTY INTEREST. SEE. RIGGINS V. NEVADA 504 U.S. 127, 112 S. CT. 1810 118 L. Ed 2d. (479) (1992)
EASTER V. LEXINGTON MEMORIAL HOSPITAL, INC. 303 N.C. 303, 287 S.E. 2d. 253, 255 (N.C. 1981), CHILDERS V. FRYE 201 N.C. 42, 158 S.E 744 (N.C.), PYNE V. WENDER PITT COUNTY MEMORIAL HOSPITAL, INC. 101 N.C. APP. 578, 400 S.E. 2d. 747, 761 (N.C. APP. 1991)

5.) THESE INJURIES RESULTED FROM THE NEGLIGENCE OF THE AGENTS, SERVANTS, AND EMPLOYEES OF DEFENDANTS, ACTING WITHIN THE SCOPE OF THEIR EMPLOYMENT AS FOLLOWS:

A) ON 11-7-23 PLAINTIFF LARRY BLAKNEY, PLAINTIFF DO ADMIT TO HAVING A EPISODE ON THE UNIT, IT WAS NOT TOWARDS ANY INMATES ARE PRISON OFFICIALS AT THE F.M.C of BUTNER N.C ON THE UNIT THAT I'M HOUSED. THE ELECTRONIC SURVEILLANCE IN PURSUANT TO 50 U.S.C §1801 IN WHICH HAS BEEN APPROVED BY ATTORNEY GENERAL MERRICK GARLAND SO THAT I CAN BE WATCHED BY THE COMMUNITY OF HARTSVILLE S.C, AND THE LAW ENFORCERS OF HARTSVILLE S.C ALONG WITH THE CHIEF OF THE HARTSVILLE S.C POLICE DEPARTMENT JAMES HUDSON IN WHOM HAS BEEN SURVEILLANCING ME SINCE MY DAY OF ARRIVAL TO THE F.M.C WHICH WAS 9-16-2020 THROUGH A CYBERSTALKING AND CYBERBULLYING METHOD THAT'S MENTION IN MY ADMINISTRATIVE GRIEVANCE AND OTHER REMEDIES ATTACHED TO THE COMPLAINT AS EXHIBIT "2"

B) AT THE TIME OF THE EPISODE THE HARASSMENTS OF INSULTS, DEROGATORY STATEMENT, THREATS AND EXTORTIONS THAT I HAVE BEEN ALLOWED TO BE OPPOSED BY THROUGH THE ELECTRONIC SURVEILLANCE THAT THE D.O.J THROUGH ITS ATTORNEY GENERAL, SHAWN CARTER A.K.A JAY-Z, CATHERINE NEWTON A.K.A "CAT" AND THE OTHERS MENTIONED IN MY ADMINISTRATIVE REMEDIES WHO ARE PAYING INDIVIDUALS OF THE GENERAL PUBLIC OF HARTSVILLE S.C TO WATCH ME THROUGH AT THE F.M.C AND PICK-ON AND HARASS ME ALL THROUGH THE DAY AND NIGHT, HAD BECAME SO ANNOYING THAT IT PROVOKE ME TOWARDS A VIOLENT AND DISORDERLY RESPONSE DO TO THE REPEATED COMMUNICATION OF HARASSMENTS COMING FROM THE ELECTRONIC SURVEILLANCE APPROVED BY THE ATTORNEY GENERAL IN PURSUANT TO 50 U.S.C §1801-1861 THAT'S CAUSING ME TO BE HIGHLY AGGRIEVED AND INVADED

C.) I ADMITT THAT AFTER BEING HARASSED, THREATEN, EXTORTED AND PICKED ON BY THE INDIVIDUALS MENTIONED IN MY ADMINISTRATIVE REMEDIES AND COMPLAINTS, IT CAUSED ME TO SUFFER A VIOLENT AND DISORDERLY RESPONSE DO TO THE HARASSMENT IN WHICH PROVOKED ME TOWARD WARTH CAUSING ME TO YELL AND SCREAM IN RESPONSE TO THE INDIVIDUALS THE ATTORNEY GENERAL AS WELL AS THE AGENTS, SERVANTS AND EMPLOYEES OF THE DEFENDANT, THE UNITED STATES OF AMERICA IS ALLOWING TO HARASS ME THROUGH THE ELECTRONIC SURVEILLANCE, NOT ANY OF THE INMATES ARE THE PRISON OFFICIALS, INSTEAD OF THE PRISON OFFICIALS ASSISTING ME THROUGH THE APPROPRIATE PROCEDURES OF MY RESOLUTION ATTEMPTS, GRIEVENCES, AND OTHER ADMINISTRATIVE REMEDIES THEY DEPRIVED ME OF DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT BY AN EXPRESSION OF PUNISHMENT AND RESTRICTION AND PUNISHMENT BY LOCKING ME IN MY CELL ON AID STATUS AND NOT LETTING ME COME OUT TO SHOWER ARE CLEAN CELL FOR WELL OVER 45 DAYS YOU CAN REQUEST THE VIDEO FOOTAGE AS AN EXHIBIT MY ROOM IS RIGHT INFRONT OF THE SURVEILLANCE SYSTEM, SEE. MARTIN V. GENTILE, 849 F. 2d 863, 870 (4TH CIR. 1988); YOUNGBERG V. ROMEO, 457 U.S. 307 315-16, 102 S. CT. 2452, 73 L. Ed. 28 (1984); PATTERN V. NICHOLS, 274 F. 3d, 839, 837 (4TH CIR. 2001) of RESTRICTION 3 PUNISHMENT CAUSING ME TO SUFFER MENTAL ANGUISH 3 EMOTIONAL DISTRESS SEE. NICHOLS V. UNITED STATES NICHOLS V. UNITED STATES, CASE NO. 5:09-CY-196-BO, 2010 U.S. DIST. LEXIS 155349, 2010 WL 11622669, AT *1 (E.D. N.C. MAR. 12, 2010)

D.) ON 11-20-2023 (DATE) DEFENDANT C. CLOUTIER M.O, PsyD L. SHERAS, AND L. GRADY, M.D, DICTATED A WRITTEN REPORT IN WHICH WAS FABRICATED AND A FALSE TESTIMONY, THE FALSE TESTIMONY WAS SUBSEQUENTLY APPROVED BY THE DEFENDANT COMPLEX WARDEN T. SCARANTINO FOR THE PLAINTIFF TO BE APPROVED TO INVOLUNTARILY BE FORCED TO TAKE UNNEEDED ANTI-PSYCHOTIC DRUGS CALLED RISPERIDONE IN THE FORM OF A DESOLVABLE TABLET, ALONG WITH ANOTHER ANTI-PSYCHOTIC-DRUG CALLED ABILIFY IN WHICH BOTH CAUSE SERIOUS SIDE EFFECTS IN DEPRIVATION OF THE PLAINTIFF DUE-PROCESS RIGHTS, SEE. RIGGINS V. NEVADA, 504 U.S. 127, 112 S. CT. 1810, 118 L. Ed. 20. (479) (1992)

E.) ON 12-20-2023 (DATE) THE MEDICAL PROVIDER AND M.D GRADY LOGAN CHANGED MY MEDICATION OF THE DESOLVABLE TABLET TO A INJECTION OF BOTH ABILIFY AND RESPERIDONE IN THE FORM OF A NEEDLE INJECTION AGAINST MY WILL AND LIBERTY INTEREST, THROUGH FALSE PRETENSES OF THE SITUATION THAT I'M DEALING WITH DO TO THE ELECTRONE SURVEILANCE THAT THE ATTORNEY GENERAL MERRICK GARLAND IS CONDUCTING ON ME AT THE F.M.C OF BUTNER N.C IN WHICH HE IS ALLOWING ME TO PICKED ON, HARASSED, BLACKMAIL, EXTORTED, CYBERSTALK AND CYBERBULLIED BY THE INDIVIDUALS THAT MENTIONED IN MY ADMINISTRATIVE REMEDIES CLAIMS ACTING OUT OF DELIBERATE INDIFFERENCE OF THE DUE PROCESS CLAUSE WHICH PROVIDES ME TO A FUNDAMENTAL JUDGMENT STANDARD OF THE MEDICAL EXPERTS, THATS ASSISTING ME IN FAIR TREATMENT AND CARE WHILE IN THEIR CUSTODY, INSTEAD I'M BEING OPPOSED WITH MEDICAL NEGLECT BY BEING FORCE TO BE INJECTED WITH UNNEEDED ANTI-PSYCHOTIC DRUGS THROUGH INJECTION OF FORCE FOR A SITUATION THAT'S REALLY OCCURING, I'M NOT HALLUCINATING ARE DELUSIONING ABOUT THE CYBERBULLYING AND HARASSMENT THROUGH THE ELECTRONIC SURVEILLANCE. SEE, BENSON V. TERHUNE 304 F.3d.874 (9TH CIR. 2002) ALSO SEE, YOUNGBELL V. ROMEO, 457 U.S. 307, 315, 46, 102 S. CT. 2452, 78 L.Ed.28 (1982); PATTERN V. NICHOLS, 274 F.3d. 829, 837 (4TH CIR. 2001) IN WHICH IS ALSO A CRUEL AND UNUSUAL PUNISHMENT IN THE CONTEXT OF THE EIGHTH AMENDMENT AND ITS STANDARDS SEE, ESTELLE V. GAMBLE, 410 U.S. 97, 106, 97 S. CT. 285, 50 L.Ed.2d. 251 (1976) ALSO SEE. MILTIER V. BEORN, 896. F.2d. 848, 851 (4TH CIR. 1990)

F.) THE AGENTS, SERVANTS, AND EMPLOYEES, ACTING WITHIN THE SCOPE OF THIER EMPLOYMENT AS THE DEFENDANTS THE UNITED STATES OF AMERICA ARE ALLOWING ME TO BE OPPOSE WITH IMMINENT DANGER BY ALLOWING ME TO BE INVADED AND INTRUDED THROUGH CYBERSTALKING AND CYBERBULLYING METHOD THAT THE ATTU GEN IS USING AT THE PRISON THROUGH THE ELECTRONIC SURVEILLANCE THAT'S ALLOWING ME TO BE PICKED-ON BY THE INDIVIDUALS MENTION IN MY ADMINISTRATIVE REMEDIES, THATS USING THE DEVICE TO PROVOKE THE INMATES AROUND ME TO PICK-ON ME AS WELL PUTTING ME IN FEAR OF MY SAFETY AND IMMINENT DANGER OF GETTING IN QUARRELS WITH THE OTHER INMATES AT THE PRISON FARMER, 511 ____ AT 834. WILLIAMS, ____ ____ (8TH CIR. 1995)

6.) AS A RESULT OF THE ACTS DESCRIBED IN THIS COMPLAINT, THE PLAINTIFF SUFFERED PAIN AND SUFFERING, AS WELL AS ABUSE AND NEGLECT OF THE MENTALLY ILL BY BEING FORCED TO TAKE UNNECESSARY MEDICATION. UNDER THE FEDERAL TORT CLAIMS ACT THE DEFENDANT THE UNITED STATES OF AMERICA IS LIABLE TO THE PLAINTIFF FOR THIER UNLAWFUL ACTIONS OF MISCONDUCT, MEDICAL MALPRACTICE, AS WELL AS DEPRIVATION OF THE PLAINTIFF DUE PROCESS CLAUSE IN WHICH PROHIBITS UNFAIR AND UNJUST JUDGMENT FROM MEDICAL EXPERTS, SEE ~~——————~~ MARTIN V. GENTILE, 849 F. 2d 863, 870 (4TH CIR. 1988); CITY OF REVERE V. MASS. GEN. HOSP., 463 U.S. 239, 244, 103 S. CT. 2979, 77 L. Ed. 2d 605 (1983) ALSO SEE. PATTEN V. NICHOLS, 274 F. 3d 829, 837 ((4TH CIR. 2001)

<u>PRAYER</u>

PLAINTIFF REQUESTS THAT THIS COURT RENDER JUDGMENT AGAINST THE DEFENDANTS;

A.) THE PLAINTIFF ASK THE COURT TO ENTER JUDGMENT AGAINST DEFENDANT UNITED STATES OF AMERICA LIABLE TO THE PLAINTIFF IN THE SUM OF $250,000,000

B) PLAINTIFF ASK THE COURT TO HOLD DEFENDANTS UNITED STATES OF AMERICA JOINTLY AND SEPERALLY LIABLE FOR COMPENSATORY AND PUNITIVE DAMAGES AND THE COST OF THIS ACTION

C.) FOR ANY OTHER RELIEF THAT THE COURT FEEL PROPER 3 JUST AND FOR THE DEFENDANTS TO REFRAIN FROM GIVING UNWANTED ANTI- PSYCHOTIC DRUGS

I HAVE READ THE FOR GOING COMPLAINT ; AND THE ALLEGATIONS ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, BELIEF AND INFORMATION
SIGNATURE !

DATE : 4-4-2024